UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

Aneb Senkita El                                             Case #: 1:13-CV-04079-SLT-CLP

      -Against-                                        Second Amended Verified Complaint

New York City Police Department                             Plaintiff demands Jury Trial

Winston Faison as Lieutenant of NYPD and individually;

Jerry Thompson as Police Officer of NYPD and individually;

Nicholas Morrison as Police Officer of NYPD and individually;

Christopher Kinney as Police Officer of NYPD and individually;

Jeffrey Davis as Sergeant of NYPD and individually;

Anthony Tazzo as Captain of NYPD and Individually;

---

## SECOND AMENDED VERIFIED COMPLAINT

JURISDICTION

1) Jurisdiction in founded under Title 28 USC 1391; a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; Inclusive of a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,

2) Jurisdiction is further applicable under Title 28 USC 1331 where District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3) Jurisdiction is also applicable on grounds of Diversity under 28 USC 1332, where the plaintiff is a domiciliary of the State of Jersey and Defendants domiciliaries of the State of New York. The amount claimed is in excess of $ 100,000.

FEDERAL QUESTION

4) Title 42 U.S.C. 1983: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5) Title 42 U.S.C. 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section         of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

6) Title 42 U.S.C. 1985: (1) Preventing officer from performing duties

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

VENUE

7) Venue is proper where the party defendants are CITIZENS and MUNICIPAL CORPORATION of the City of New York and of the State of New York; and that a substantial part of the events or omissions giving rise to the injury/claim occurred in County of Kings, City and State of New York. Said locale is within the territorial jurisdiction of the US District Court, Eastern District.

**AS AND FOR THE FIRST CAUSE OF ACTION – ASSAULT & BATTERY**

8) Plaintiff re-alleges Paragraphs 1 through 6 above, and incorporates them by reference with the same force and effect as if fully set forth herein.

9) This complaint is arising out of an assault, battery, intentional infliction of emotional distress, excessive force and deprivation of a Constitutional rights under Art 4 and 6 of the Federal Constitution and Title 22 Chapter 2 section 141 & 195 and applicable provisions. While plaintiff was traveling on the highway he was accosted by two or more officers who were unidentified and later being identified as Lieutenant Faison and Police Officer Thompson who assaulted the plaintiff for exercising plaintiffs 1st amendment right; freedom of expression, while within the privacy of plaintiffs' conveyance pulled over on the side of the road by officers with hidden ID badges.

10) That at all times in question and during the time of the incidents giving rise to the instant Complaint, New York City Police Department is and was an agency, entity, organization formed and operating under the direction, guidelines, rules and laws of New York City

11) That at all times in question and during the relevant all named Officers, Lieutenant, Sergeant and Captain were employees on NYPD.

12) That at all times in question and during the incidents giving rise to the instant Complaint, the named individuals engaged in intentional torts as against Plaintiff.

13) This claim is part of an ongoing history of abuses, violence and torture perpetrated by members of this New York city police department and agencies of the New York City Court system.

14) The plaintiff is a More, whose religious tenets are based on love, truth, peace, freedom and justice.

15) The plaintiff has a long history of positive community involvement in the New York City area from about the age of 20, in the late 1970s to the present age of 59 in 2015.

16) The plaintiff has no history of drugs, violence, theft or damage to property.

17) The plaintiff has worked, especially over the last nine years, with inner-city youth teaching construction and other positive skills seeking to help improve city community life.

18) The plaintiff has been targeted by corrupt rogue members of the New York City Police Department on the Merrill term of Michael Bloomberg.

19) That on May 30, 2005 two members of the New York City Police Department assaulted the plaintiff and damage his bicycle at night in Brooklyn. A marked police car driven by the partner of officer Davitt #5060, was used to ram the back wheel of the plaintiff's bike twice while the plaintiff was riding. The car had driven up the wrong side of the street against oncoming traffic. The plaintiff was assaulted, battered, arrested and his bike also damaged.

20) That one June 10, 2006 an assortment of 10 – 20 uniformed and plainclothes New York City police assaulted the plaintiff while he was down on the ground on a Saturday afternoon on a busy Brooklyn street. The assault brought the plaintiff close to death from a lack of air as he was kicked, punched and stood on by these police causing severe damage to his body. Plaintiff's back (scapula) was fractured in multiple places as a result of this brutal savage attack.

21) As a result from this violent attack by New York City police officers on June 10, 2006, plaintiff suffered crippling disabilities and post traumatic stress disorder which affect him to this day.

22) That on January 29, 2010 at about 2 AM, which was shortly after a severe snowstorm that took place that week, the plaintiff was returning home while driving his Mazda MPV minivan through Brooklyn.

23) After turning right onto Flatbush Avenue heading toward the Manhattan Bridge, plaintiff noticed flashing lights from behind. There was no siren nor intercom.

24) Plaintiff applied right turn signal and moved towards the right lane to allow the vehicle to proceed.

25) After realizing that the lights seemed to be following the plaintiff, plaintiff made an indication to the following vehicle and continued on to a more visible area, as there are no open stores or pedestrian traffic on the blocks from 4th Avenue to Dekalb Ave.

26) Being familiar with the area plaintiff felt safe to proceed to Flatbush Avenue Extension and Dekalb Ave, where there is a 7/11 that is open 24 hours, an Applebee's which is open late, Junior's restaurant and a subway entrance at that intersection.

27) Plaintiff's driving speed was about 25 miles an hour which was well below the speed limit and flow of traffic movement in that same direction.

28) Plaintiff pulled his vehicle as close to the right side as possible, as parked a little away from the curb, as snow still piled in the street from the major snowstorm.

29) That plaintiff put his vehicle in Park and opened the driver's side window, enough to talk and pass expected paperwork, to men approaching on each side of the vehicle. The lights on the vehicle that pulled me over were still flashing, making it difficult to see the approaching men.

30) As the men approached, believed to be Officer Thompson and Lieutenant Winston Faison, one started shouting and in a hostile manner demanded "roll down the window!"

31) Plaintiff explained that the window was down and asked him to identify himself as there was a badge visible, but it had no numbers, which appeared odd.

32) Plaintiff's fear of this hostile approach made him immediately apprehensive and called 911 to report that he was being stopped by men who are not identifying themselves.

33) It is the man who was later identified as Winston Faison who was a lieutenant at that time, continued to shout in an angry threatening voice "roll down the window, open the door", as he struck my minivan several times also hitting the driver side window with what appeared to be a metal object.

34) After a few minutes on the phone, the 911 operator added his supervisor and an officer Stephan from New York City police department internal affairs, stated the people outside my minivan were police officers. Then Plaintiff asked "why are they not identifying themselves as such ?".

35) Two other officers arrived at the scene, who plaintiff believes to be Sergeant Davis and police officer Morrison.

36) By this time, Faison continued shouting "opened the door ,roll down the window !!!", but neither he nor any of the three other defendants who had arrived during this time ever asked for my license, registration or insurance information, or the reason why they had stopped me.

37) Faison eventually shattered plaintiff's driver-side window while the plaintiff was on the phone with 911 the operator. Faison used some object, possibly the same object he was using when he first came on the scene.