

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT

**ZACHARY W. CARTER**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**OMAR J. SIDDIQI**
Assistant Corporation Counsel
E-mail: osiddiqi@law.nyc.gov
Phone: (212) 356-2381
Fax: (212) 788-9776

December 15, 2016

**BY ECF**
Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     El v. Mayor of the City of New York, et al.
          13-CV-4079 (SLT) (CLP)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter. Defendants write to inform the Court that plaintiff has failed to appear for his deposition within the discovery period. Defendants write to respectfully request that the Court dismiss this action in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for plaintiff's failure to prosecute.

        On November 1, 2016, defendants served a notice of deposition upon plaintiff, directing him to appear for a deposition at the offices of the New York City Law Department on December 1, 2016. (Notice of Deposition, Exhibit A). On December 1, 2016, defendants received an email from plaintiff's counsel stating he had been unable to communicate with his client. This was the first communication defendants had received from plaintiff regarding any inability to appear for the December 1st deposition. (Email chain between Omar J. Siddiqi and J. Amer Anwar, Exhibit B). On that same day, defense counsel informed plaintiff's counsel that he would be on trial the week of December 5th, and gave plaintiff the opportunity to appear for a deposition on December 14th or December 15th. Defense counsel further informed plaintiff's counsel that if plaintiff failed to appear for a deposition on either of these dates, defendants would seek Court intervention. (Email chain between Omar J. Siddiqi and J. Amer Anwar, Exhibit B). By December 13th, defendants had not received any communication from plaintiff. On that date, defendants wrote to plaintiff's counsel directing plaintiff to appear for a deposition

on December 14, 2016, and informing him that if he did not appear, they would seek Court intervention. (Email chain between Omar J. Siddiqi and J. Amer Anwar, Exhibit B). Defendants received no communication from plaintiff until 9:23 a.m. today, when plaintiff's counsel informed defendants that he had been unable to clear his schedule for a deposition, and asked for a deposition date in the second or third week in January. Because of plaintiff's inability to communicate with his counsel, his refusal to appear for a properly noticed deposition, and his inability to prevail on his claims, defendants now seek dismissal of this action pursuant to Fed. R. Civ. P. 41(b).

Federal Rule of Civil Procedure 41(b) provides a district court with the "authority to dismiss a plaintiff's case . . . for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). While the Second Circuit has "acknowledged that dismissal is a 'harsh remedy to be utilized only in extreme situations,'" it has also emphasized that such a measure is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (citing Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972). In reviewing a dismissal for failure to prosecute, the Court must determine whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Brow v. City of New York, 391 F. App'x 935, 936 (2d Cir. 2010) (citation omitted). No one factor is dispositive. Id.

The factors set forth in Brow strongly favor a dismissal of this action. This lawsuit cannot proceed until plaintiff sits for a deposition. Defendants have been trying to schedule plaintiff's deposition since November 1, 2016, to no avail. Defendants are significantly prejudiced without the ability to depose plaintiff. Further, as the Court is aware, plaintiff has a low probability of prevailing on his claims. Based on the foregoing, defendants seek dismissal of this action.

Should the Court afford plaintiff a further opportunity to proceed, defendants would seek an extension of fact discovery for the *sole purpose* of taking plaintiff's deposition. Plaintiff has failed to notice the depositions of any parties. As such, plaintiff should not be entitled to further discovery, given his inability to comply with the Court's discovery schedule.

- 3 -

Thank you for your consideration of the matter herein.

Respectfully submitted,

/s/

Omar J. Siddiqi
Assistant Corporation Counsel

cc:     Amer J. Anwar (By ECF)
        *Attorney for Plaintiff*